State of Louisiana v. Maginnis.

No. 5167.

STATE OF LOUISIANA v. A. A. MAGINNIS.

The objection that the assessment of defendant's property is excessive, is a matter that can not be examined in the present action for the amount of his State taxes.

The Auditor merely calculates the proportion that each payer must pay. The discharge of this duty in no manner involves the levying of a tax by the Auditor. It is the State which levies the tax and not the Auditor.

The building of levees in Louisiana is a public enterprise or work which concerns directly at least half of the people of the State, and indirectly the whole State. Of the propriety of constructing levees the General Assembly is the exclusive judge. They have the right to assess a tax and to expend the money arising therefrom in the construction of levees, or in the erection of such public works as they may deem beneficial. No individual taxpayer has the right to resist the exercise of a discretionary power confided to the Legislature.

The law making power can certainly assess a tax to pay the capital and interest of a debt which it had at the time authority to contract.

The objection raised in this case, that acts No. 4 and 27 of the session of 1871, under which the assessments were made, are unconstitutional and void, and that it is a violation of article 10 of the constitution of this State and of article 5, section 1, of the fourteenth amendment of the constitution of the United States to attempt to impose upon the whole people of the State the burden of building and protecting levees for the benefit of the owners of property in a section of the State by way of taxation on the whole State, has become *res judicata* in the case of State ex rel. Levee Company v. Charles Clinton, Auditor, 25 An. 401.

It is no ground to resist a tax because the State debt has reached the constitutional limitation, unless the object for which the tax is levied or the law authorizing it is unconstitutional and void.

That the Legislature has improperly diverted a trust fund, is a question that may concern the owner or owners of that fund. It is a matter in which the respondent has no interest.

This court can not presume, in the absence of proof on the subject in the record, that the New Orleans, Mobile and Chattanooga Railroad Company has failed to fulfill the conditions on which the State has issued her bonds as an indorsement for said company, and that thereby the State is released from an obligation incurred before the adoption of the constitutional amendment limiting the State debt to twenty-five millions.

APPEAL from the Superior District Court, parish of Orleans. *Haw-kins, J.  A. P. Field*, Attorney General, and *Henry C. Dibble*, Assistant Attorney General, for plaintiff and appellee.  *Fellows & Mills*, for defendant and appellant.

WYLY, J.  The defendant appeals from the judgment against him for the amount of his State taxes for 1871, with attorney's fees and damages and costs.

The first objection is, that the assessment of defendant's property is excessive.  This is a matter that can not be examined in the present action.

The next is, that the item for six and one-half mills per dollar for interest on the State debt, one and one-half mills per dollar for levees, and two and one-half mills per dollar for special levee tax are illegal, null and void, because the levying of a tax is a legislative act and can not be delegated to the Auditor.  This court has frequently held that the Auditor merely performs the duty of an accountant or an arithmetician in fixing the rate of taxation after the return of the assessment rolls, so as to raise the amount assessed by the State to pay the interest

on the State debt. The discharge of this duty in no manner involves the levying of a tax by the Auditor. The tax is levied by the State, and the Auditor merely calculates the proportion that each taxpayer must pay.

The next objection is, that the two items of one and one-half mills and two and one-half mills for levee and special levee purposes, the two mills levee construction fund tax, and the two mills levee repair fund tax, and the one mill special tax, called the funding expense tax, are unconstitutional, null and void for this: They are levies for an illegal purpose, and such as the State of Louisiana had no right to levy; that the purpose or object for which the said two items of tax of one and one-half and two and one-half mills and the two items of two mills each were levied, was for raising money to pay the interest and reduce the principal of a debt created for the avowed object of building levees on the banks of the Mississippi and other water courses in Louisiana subject to overflow, or to pay the costs of levees already built or constructed or proposed to be built or constructed; that said levees were solely for the protection and consequent increase of the value of the property of individuals, and only incidentally beneficial to the State and the respondent, and in which neither had a direct interest; that the consideration of the debt aforesaid was exclusively for the benefit of a section of the State, and resulted only incidentally for the general welfare; that the Legislature had no right to create a debt, or levy a tax beneficial to the owners of property of a portion or section of the State, and the statutes authorizing the tax complained of violate the constitution of this State and the constitution of the United States.

The building of levees in Louisiana is a public enterprise or work which concerns directly at least half the people of the State, and incidentally the whole State. Of the propriety of constructing levees, the General Assembly is the exclusive judge, because we find in the constitution no limitation upon the right of the people, through the General Assembly, to exercise the power. They have the right to assess a tax and to expend the money arising therefrom, if they choose, in the construction of levees, or in the erection of such public works as they may deem beneficial. No individual taxpayer has the right to resist the exercise of a discretionary power confided to the Legislature. Having authority at the time to contract the debt, the law making power can certainly assess a tax to pay it, capital and interest.

The respondent, further answering, objects that the levee taxes of which he complains are assessments or levies made for the benefit of the Louisiana Levee Company, a corporation created by the State of Louisiana, with whom, he alleges, the Legislature has contracted a debt after the debt of the State had already reached the constitutional

limitation of twenty-five millions; that acts No. 4 and 27 of the session of 1871, under which the assessments were made, are unconstitutional and void; that the attempt to impose upon the whole people of the State the burden of building and protecting the levees as aforesaid for the benefit of the owners of property in a section of the State, by way of taxation on the whole State, is violative of article 10 of the constitution of this State, and article 5, section 1, of the fourteenth amendment of the constitution of the United States.

In the case of State ex rel. Levee Company v. Charles Clinton, Auditor, 25 An. 401, this court expressly decided adversely to the respondent herein, the precise question raised in this objection.

And lastly, the respondent in his answer objects that the one mill tax added to the tax bill sued on violates the constitution because it increases the amount of the State debt, and that the statute creating it is void, in that it diverts a trust fund not belonging to the State.

It is no ground to resist a tax because the State has reached the constitutional limitation, unless the object for which the tax is levied or the law authorizing it is unconstitutional and void. That the Legislature has improperly diverted a trust fund is a question that may concern the owner or owners of that fund; it is a matter in which the respondent has no interest. These are the main defenses raised in the answer.

In the elaborate brief filed by the learned counsel of the respondent many interesting questions are discussed, but we regard the important points as settled in the cases of the State ex rel. New Orleans, Mobile and Texas Railroad v. James Graham et al., 23 An. 622, the State v. The North Louisiana and Texas Railroad Company, 25 An. 25, and the State ex rel. the Louisiana Levee Company v. Charles Clinton, Auditor, 25 An. 401.

The respondent, however, insists that act 95 of the acts of 1871 is unconstitutional, because the bonds issued under it virtually created a debt in contravention of the constitutional limitation of twenty-five millions; that the debt in lieu of which they were given had lapsed, that is, the obligation of the State to indorse the second mortgage bonds of the New Orleans, Mobile and Chattanooga Railroad Company was conditioned upon the performance of certain work by said company which they failed to perform.

There is no proof in the record that the company failed to comply with its contract. We can not presume they have, and thereby released the State from the obligation given in exchange for an obligation incurred by it, before the adoption of the constitutional amendment limiting the State debt to twenty-five millions.

Judgment affirmed.

Rehearing refused.